THE STATE OF FLORIDA, on the Relation of Railway Express Agency, a corporation organized and existing under the laws of the State of Delaware, with its principal office and place of business in the City of New York and State of New York, and LEIGH R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of and for Seaboard Air Line Railway, a corporation organized and existing under the laws of the States of Virginia, North Carolina, Florida and other states, v. THE RAILROAD COMMISSION OF FLORIDA, LIBERTY FILM LINE, a corporation organized and existing under the laws of the State of Texas, with its principal office and place of busniess in the City of Dallas and State of Texas, FLAMINGO TRUCK LINES, INC., a corporation organized and existing under the laws of the State of Florida, and OVERSEAS TRANSPORTA-

TION COMPANY, a corporation organized and existing under the laws of the State of Florida.

5 So. (2nd) 268                                    En Banc
December 19, 1941

W. J. Oven and W. J. Oven, Jr., for petitioners.

T. T. Turnbull for Respondent Railroad Commission of Florida; Claude Ogilvie for Respondent Liberty Film Lines, Leo Kitchen & Dan R. Schwartz for Respondent Overseas Transportation Company.

PER CURIAM:

The petitioners in the above styled cause filed their petition for writ of certiorari in this Court on the 14th day of October A.D. 1941, with their briefs supporting said application. From this record it appears:

That on the 15th day of November, A.D. 1941, reply brief was filed by the respondent, The Railroad Commission of Florida; that on the 18th day of November A.D. 1941, this Court issued an order to the respective respondents to show cause why the writ prayed for in said petition should not be granted; that on the 28th day of November, A.D. 1941, the petitioners filed their original order to show cause heretofore issued herein showing acceptance of ser-

vice by counsel for the Railroad Commission of Florida, by counsel for Flamingo Truck Lines, Inc., and by counsel for Overseas Transportation Company, and filed with said order to show cause a return showing the authority of Liberty Film Lines to do business in Florida as a corporation had been cancelled in 1940 by Executive Proclamation for failure to make its capital stock tax return and to pay the tax thereon and because it had never filed any designation of an agent in the State of Florida upon whom process could be served; that on the last mentioned date the petitioners also filed a petition to amend their application for writ of certiorari by adding thereto a seventh ground setting up the fact that said Liberty Film Lines was not now authorized to do business in the State of Florida and was not at the time of the filing of its said application before the railroad Commission of Florida; (Leave to file this amendment was granted by this Court on the 1st day of December, A.D. 1941.)

That on the 1st day of December, A.D. 1941, the respondent, the Railroad Commission of Florida, in response to said order to show cause filed with this Court a return to said order to show cause, wherein the respondent, the Railroad Commission of Florida, stated that "it has now issued its Order No. 1507 dated November 19, 1941, by which it has cancelled the order complained of in the writ of certiorari filed herein, and in said order revoked all authority of Liberty Film Lines to operate as a contract carrier over the highways of the State of Florida transporting motion picture films and motion picture advertising matter," and setting up as respondent's reason for the cancellation of such order complained of in the

petition for writ of certiorari the facts set forth in the amendment to the application for said writ.

Upon consideration of the promises set forth above, it appears that the seventh ground of petitioners' petition, as amended, is conceded by the respondent, the Railroad Commission of Florida, and being so conceded it appears that the position of the petitioners is well taken and that it is unnecessary for this Court to go into the other questions presented by the application for writ of certiorari.

Therefore, Upon Consideration Thereof, it is ordered that the writ for certiorari as prayed for do issue, and that the order complained of be quashed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.